UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATIE WRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CLAYCO, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. ***<br><br>NOTICE OF REMOVAL |

TO: United States District Court for the Western District of Washington at Seattle

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, the Class Action Fairness Act of 2005 ("CAFA"), Defendant Clayco, Inc. (hereinafter "Defendant Clayco") hereby removes to the United States District Court for the Western District of Washington the above-captioned lawsuit, originally filed as Case No. 24-2-10704-5 SEA in King County Superior Court. In accordance with Local Civil Rule 101(b), a copy of the operative complaint (the "Complaint") is separately attached to this Notice as **Exhibit A**. Copies of all process, pleadings, and orders served on Defendant Clayco, except the Complaint, are attached to this Notice as **Exhibit B**. *See* 28 U.S.C. § 1446(a). As of the date of this filing, no other entities listed as "Defendants" in the case caption have been served.

NOTICE OF REMOVAL - 1
4868-8523-5397v.1 0118129-000004

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

**Legal Overview.**

CAFA grants district courts original jurisdiction over actions in which: (1) removal is timely; (2) the complaint alleges a class action; (3) any member of the putative class is a citizen of a state different from any defendant, thus establishing the required minimal diversity; (4) the members of the putative class number over 100; (5) the aggregate amount in controversy exceeds $5,000,000.00; and (6) exceptions to jurisdiction do not apply. *See* 28 U.S.C. § 1332(d)(2)(A), 1332(d)(5)(A) and (B).  Removal is proper on the following grounds:

**Removal Is Timely.**

1. Plaintiff filed this case on January 3, 2024, in King County Superior Court, Case No. 24-2-10704-5 SEA.

2. Defendant Clayco was formally served with the Summons and Complaint on May 14, 2024.  Declaration of Frank May ("May Decl.") ¶ 2.

3. This Notice of Removal is filed within the thirty-day period of time prescribed by 28 U.S.C. § 1446(b).

**The Complaint Alleges a Class Action.**

4. Plaintiff brings this case as a class representative.  In the Complaint, Plaintiff seeks to certify a proposed class defined as:

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Clayco, Inc., where the job posting did not disclose a wage scale or salary range.

*See* Complaint ("Compl.") ¶ 37.  The Complaint asserts three causes of action against Defendants on behalf of Plaintiff and the putative class, including (1) violation of RCW 49.58.110; (2) injunctive relief; and (3) declaratory relief.  *Id.* at ¶ 45-56.

**Diversity of Citizenship Exists.**

5. "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  Minimal diversity exists if any

NOTICE OF REMOVAL - 2

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax

class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

6. Upon information and belief, Plaintiff Katie Wright is a resident of Washington state. *See* Compl. ¶ 14.

7. Defendant Clayco, Inc. is a foreign profit corporation doing business as Clayco, Inc. Defendant Clayco's principal place of business is 35 E Wacker Dr. #1300, Chicago, Illinois 60601, and it is incorporated in Missouri. May Decl. ¶ 4.

8. Plaintiff is a citizen of Washington. Defendant Clayco is a citizen of Illinois and Missouri. Accordingly, the diversity requirement in 28 U.S.C. § 1332(d)(2) is met.

### Plaintiff Proposes a Class of More than 100 Persons.

9. As noted above, Plaintiff defines the putative class as:

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Clayco, Inc., where the job posting did not disclose a wage scale or salary range.

Compl. ¶ 37.

10. Although Defendant Clayco denies liability and contests the propriety of class certification, for purposes of removal, Defendant Clayco performed an initial investigation and determined that Plaintiff's proposed putative class well exceeds 100 class members. May Decl. ¶ 5.

### The Amount in Controversy Exceeds $5,000,000.00.

11. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

12. Defendant Clayco denies Plaintiff's allegations and any wrongdoing, and it will defend against Plaintiff's allegations and oppose certification of the putative class. *Grant v. Capital Mgmt. Servs., L.P.*, 2011 WL 3874877, *1 (9th Cir. 2011) (defendant not required to admit liability to remove under CAFA); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir.

NOTICE OF REMOVAL - 3

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004-4786
425.646.6100 main · 425.646.6199 fax

2010) (same). Defendant Clayco further denies that Plaintiff or the putative class would be entitled to recover any of the amounts claimed under any theory. For purposes of establishing the jurisdictional prerequisites for removal, however, Plaintiff's allegations—if presumed true—place more than $5,000,000.00 in controversy. *See* 28 U.S.C. § 1332(d)(2).

13. In determining whether the removing party has met the amount in controversy, the Court looks first to the complaint. *Lewis*, 627 F.3d at 399. When the amount in controversy is not "facially apparent" from the complaint, the Court may consider facts in the removal petition to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

14. Plaintiff seeks "statutory damages pursuant to RCW 49.58.070." Compl. p. 8:50. Plaintiff also seeks her attorneys' fees. *Id.* at p. 8:51.

15. While Defendant Clayco does not concede Plaintiff has defined a legally cognizable class or that Plaintiff even has standing to represent such a class, for removal purposes, potential statutory damages exceed $5,000,000.00. The putative class as defined by Plaintiff would include more than 1,114 people in Washington state. May Decl. ¶ 5. As Plaintiff pleaded that the statutory damages are $5,000.00 per class member, the amount in controversy must be at least $5,000,000.00.

16. In the context of CAFA jurisdiction, "the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" *Jasso v. Money Mart Exp., Inc.*, 11-CV-5500 YGR, 2012 WL 699465, *7 (N.D. Cal. Mar. 1, 2012) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)); *see also Rodriguez v. Cleansource, Inc.*, 14-CV-0789-L DHB, 2014 WL 3818304, 4 (S.D. Cal. Aug. 4, 2014). Potential attorneys' fees and costs for damages of approximately $5,570,000 may thus be calculated at approximately *$1,392,500.*

17. Based on the above calculations, Defendant Clayco has a good faith belief that the amount in controversy exceeds $5,000,000.00.

WHEREFORE, Defendant Clayco requests the removal of the above-referenced action from King County Superior Court and requests that further proceedings be conducted in this Court

NOTICE OF REMOVAL - 4

1  as provided by law.

2  DATED this 6th day of June, 2024.

3  
4  DAVIS WRIGHT TREMAINE LLP
   Attorneys for Defendant Clayco

5  
6  By  *s/ Melissa K. Mordy*
   Melissa K. Mordy, WSBA #41879
7  929 108th Avenue NE, Suite 1500
   Bellevue, WA  98004-4786
   Telephone: (425) 646-6194
8  Fax: (425) 646-6199
   Email: missymordy@dwt.com

9  
10 By  *s/ Margaret Burnham*
   Margaret Burnham, WSBA #47860

11 By  *s/ David Rund*
   David Rund, WSBA #60862
12 920 Fifth Avenue, Suite 3300
   Seattle, WA 98104-1610
13 Telephone: (206) 757-8034
   Fax: (206) 757-7700
14 Email: megburnham@dwt.com
              davidrund@dwt.com

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL - 5

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | |
|---|---|
| Timothy W. Emery<br>Patrick B. Reddy<br>Paul Cipriani<br>Emery Reddy, PLLC<br>600 Stewart Street, Suite 1100<br>Seattle, WA  98101<br>Phone: (206) 442-9106<br>Email: emeryt@emeryreddy.com<br>         reddyp@emeryreddy.com<br>         paul@emeryreddy.com | ☐ Via Legal Messenger<br>☒ Via U.S. Mail, postage prepaid<br>☐ Via Federal Express<br>☐ Via Facsimile<br>☒ Via Email<br>☐ Via Court ECF |

Declared under penalty of perjury under the laws of the state of Washington dated this 6th day of June, 2024.

s/ *Heather Persun*
Heather Persun, Legal Assistant

NOTICE OF REMOVAL - 6

Davis Wright Tremaine LLP
LAW OFFICES
929 108th Avenue NE, Suite 1500
Bellevue, WA  98004-4786
425.646.6100 main · 425.646.6199 fax